UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | CIV. 09-5056-JLV |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) ) | |
| VALSPAR CORPORATION, INC., a Delaware Corporation; and BONNIE ESTES, an individual, | ) ) ) ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the court pursuant to a motion for remand filed by

plaintiff State Farm Fire and Casualty Company (hereinafter "State Farm") on

July 15, 2009.[1] (Docket 9). State Farm moves to remand the action to the

state circuit court after defendant removed it to federal court. Id. Defendant

Valspar Corporation, Inc. (hereinafter "Valspar") resists State Farm's motion to

remand. (Docket 11). State Farm's motion was referred to the magistrate

judge for a report and recommendation. (Docket 15). On November 6, 2009,

the magistrate judge issued a report recommending remand. (Docket 16).

Valspar filed objections to the report and recommendation and moved the court

to consider additional evidence in the form of an e-mail exchange between

Valspar's counsel and counsel for Bonnie Estes. (Docket 17). The court again

_____

[1]State Farm also moved for an award of its costs and expenses, including
attorneys' fees, incurred in filing the motion. (Docket 9).

referred this matter to the magistrate judge to consider this new evidence and to issue a second report and recommendation. (Docket 19). After considering the additional evidence, the magistrate judge again recommended remand. (Docket 22). Valspar filed objections to this second report and recommendation. (Docket 23). This matter is now ripe for adjudication.

## DISCUSSION

Neither party disputes the factual and procedural history recited in both of the reports and recommendations issued by the magistrate judge. See Dockets 16 & 22. The court incorporates by reference these thorough recitations.

The court considers *de novo* the magistrate judge's reports and recommendations and the record in this case. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990) ("[O]bjections must be timely and specific to trigger de novo review by the District Court of any portion of the magistrate judge's report and recommendation."). Neither party objected to the magistrate judge's first report and recommendation.[2]

_____

[2]The only objection raised by Valspar to the first report and recommendation was actually a request to submit additional evidence to the magistrate judge for her consideration. (Docket 17). In light of this additional evidence, the court again referred the matter to the magistrate judge for a second report and recommendation.

State Farm filed no objections to the first report and recommendation. State Farm objected only to the court's referral of the matter for a second

Upon *de novo* review, the court adopts in full the first report and

recommendation (Docket 16), as supplemented by the following discussion.

Valspar raises two objections to the magistrate judge's second report and

recommendation.  (Docket 23).  Valspar objects to the finding that the e-mail[3]

---

report and recommendation.  (Docket 20).  However, even after the filing of a
report and recommendation, the district court may "receive further evidence or
recommit the matter to the magistrate judge with instructions."  28 U.S.C.
§ 636(b)(1).  Accordingly, the court overrules State Farm's objection (Docket 20)
to the referral of this matter to the magistrate judge for a second report and
recommendation.

[3]A brief recitation of the relevant facts is useful at this point.  On June 9,
2009, State Farm, Valspar, and Ms. Estes participated in mediation.  (Docket
18, Affidavit).  Counsel for Valspar left the mediation in the late afternoon after
being informed by the mediator that State Farm had settled or would likely
settle with Ms. Estes that day.  Id.  From the parking lot of the location of the
mediation, counsel for Valspar e-mailed counsel for Ms. Estes.  Id.  In the
subject line of the e-mail, he wrote "Sorry I left" and, in the body of the e-mail,
he wrote "Without saying goodbye to you and your client.  Best, -John-[.]"  Id.
at Exhibit A.  On June 10, 2009, counsel for Ms. Estes replied "John, No
problem.  I enjoyed working with you on this case.  I will be interested to see
how it all turns out."  Id.  Valspar argues this latter e-mail constitutes an "other
paper" for purposes of § 1446(b).

Also on June 10, 2009, counsel for Valspar e-mailed counsel for State
Farm and counsel for Ms. Estes, asking "Gentlemen: Could you please confirm
whether a settlement was reached between State Farm and Ms. Estes and, if
so, what the amount was? I appreciate it.  Thanks much[.]"  Id. at Exhibit B.
Counsel for Valspar did not receive a written response.  Id. at Affidavit.  Rather,
on June 11, 2009, he had a telephone conversation with counsel for State
Farm in which counsel for State Farm confirmed State Farm settled its claims
against Ms. Estes by way of a Pierringer release.  Id.  Valspar argues this oral
conversation provided sufficient notice under § 1446(b) to trigger the right to
remove the action to federal court.  Valspar filed its notice of removal six days
later, on June 17, 2009.  (Docket 1).  State Farm and Ms. Estes did not execute
the Pierringer release until July 1, 2009.  (Docket 12, Exhibit A).  State Farm
timely moved to remand on July 15, 2009.  (Docket 9).

submitted as an "other paper" under the removal statute, 28 U.S.C. § 1446(b), was too vague to have allowed Valspar to ascertain the action had become removable. Id. Valspar also objects to the finding that § 1446(b) requires a written document, rather than any type of communication, to provide sufficient notice of removability. Id. Conversely, State Farm urges the court to adopt the magistrate judge's reports and recommendations and grant its motion for remand to the state circuit court. (Docket 24).

**A.      Whether the E-mail Satisfies § 1446(b)**

Section 1446 of Title 28 of the United States Code sets forth the procedure for the removal of a civil action (or criminal prosecution) from state to federal court. See 28 U.S.C. § 1446. Subsection (b), which governs the time for removal, provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by

section 1332 of this title more than 1 year after commencement of the action.[4]

28 U.S.C. § 1446(b).

It is undisputed the present action was not removable on or about June 27, 2008, when Valspar and Ms. Estes received a copy of State Farm's summons and complaint. (Docket 1, Exhibit A). Therefore, the second triggering event identified in § 1446(b) applies. This provision required Valspar to remove the action to federal court within thirty days of receiving notice, by means of a copy of an amended pleading, motion, order, or other paper, that the action had become removable. Valspar argues the e-mail sent by counsel for Ms. Estes was sufficient to put Valspar on notice of Ms. Estes' settlement, thereby making removal of the action to federal court proper on the basis of diversity jurisdiction.[5] (Docket 23 at pp. 2-6). The magistrate judge found the e-mail too vague to satisfy the notice requirement of § 1446(b). (Docket 22 at pp. 21-27).

_____

[4]In short, a defendant "will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading." Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). The one-year deadline for removal in this case expired on June 26, 2009. (Docket 16 at p. 18).

[5]Generally, to warrant removal, diversity jurisdiction must exist at the time the complaint is filed in state court *and* at the time the action is removed to federal court. 29A Karl Oakes, Federal Procedure § 69:21 (Lawyers ed. 2010). "However, diversity is tested only at the time of removal if removal is premised on the plaintiff's voluntary dismissal of a nondiverse defendant, and diversity need not have existed at the commencement of the state court action." Id.

Valspar argues the magistrate judge unreasonably failed to factor in the context of the e-mail and the adversarial realities of the case. (Docket 23 at pp. 3-6). Valspar argues the e-mail must be read with the understanding that Valspar knew, at the time of the e-mail exchange, that Ms. Estes would likely settle with State Farm. Id. at pp. 3-4. Valspar asserts the removability of the action was readily apparent from the e-mail *if* the court considers Valspar's knowledge of Ms. Estes' likely settlement. Id.

The court reviewed *de novo* the magistrate judge's analysis of this issue (Docket 22 at pp. 21-27) and finds it to be thorough and well-reasoned. The court incorporates by reference this analysis. Further, the court conducted an independent review of inter-circuit case law and finds it does not support Valspar's position.

As noted by the Court of Appeals for the Fourth Circuit, a district court need not inquire into the subjective knowledge of the defendant when determining when the defendant first ascertained the action had become removable:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent *within the four corners* of the initial pleading or subsequent paper.

Lovern, 121 F.3d at 162 (emphasis added); see also Weiderspahn v. Wing Enterprises, Inc., No. 09-2441 (JEI/AMD), 2009 WL 2070353 at *3 (D. N.J.

July 10, 2009) ("Defendant's knowledge is irrelevant in determining when the time for removal begins to run."); <u>Tolley v. Monsanto Co.</u>, 591 F. Supp. 2d 837, 845 (S.D. W.Va. 2008) ("In determining whether grounds for removal were ascertainable from a motion, order or other paper, a court must not inquire into the subjective knowledge of the defendant."); <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d 689, 694 (9th Cir. 2005) ("We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained *from the face of the document* that removal is proper.") (emphasis added); <u>Bosky v. Kroger Texas, LP</u>, 288 F.3d 208, 211 (5th Cir. 2002) (noting "ascertain" means "to make certain, exact, or precise" or "to find out or learn with certainty" and holding "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)").[6]

_____

[6]There is little guidance on this issue from the Court of Appeals for the Eighth Circuit. However, the court finds instructive the holding in <u>In re Willis</u>, which interpreted the first paragraph of § 1446(b) within the context of determining the amount in controversy. 228 F.3d 896, 897 (8th Cir. 2000) (*per curiam*). The Eighth Circuit found "the thirty-day time limit of section 1446(b)

The benefit of enforcing a bright-line rule is substantial:

> This ["unequivocally clear and certain"] threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

Bosky, 288 F.3d at 211. In Gottlieb v. Firestone Steel Products Co., the court expressed similar policy considerations in support of its position that the "other paper" must provide clear notice of removability:

> The removal statute is designed to provide a "uniform and definite time for a defendant to remove an action." Defendants should not be required to "guess" when a case becomes removable. To hold otherwise would require defendants to resolve questions as to removability in favor of early, and perhaps unwarranted, removal. Such a situation would create havoc on the dockets of both state and federal courts. . . .

524 F. Supp. 1137, 1140 (E.D. Pa. 1981) (internal citation omitted).

---

begins running upon receipt of the initial complaint only when the complaint *explicitly* discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount. . . . This rule 'promotes certainty and judicial efficiency by *not requiring courts to inquire into what a particular defendant may or may not subjectively know.*' " Id. (emphasis added) (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992)).

As the Fifth Circuit explained, the requirements for removal jurisdiction under the second paragraph of § 1446(b) are more strident and require a greater level of certainty than under the first paragraph of § 1446(b). Bosky, 288 F.3d at 211. If the Eighth Circuit requires initial pleadings to explicitly state the grounds for jurisdiction and prohibits courts from inquiring into the subjective knowledge of defendants when determining removability under the first paragraph of § 1446(b), it is logical the Eighth Circuit would apply this same standard to the second paragraph of § 1446(b).

When considered on its face without consideration of the subjective knowledge of Valspar, the e-mail sent by Ms. Estes' counsel simply is too vague to have provided clear notice the action had become removable. "If the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design." DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979). The notice "should not be an ambiguous statement that requires an extensive investigation to determine the truth." Id. at 490; see also Farmland National Beef Packing Co., L.P. v. Stone Container Corp., 98 Fed. Appx. 752, 755 (10th Cir. 2004) ("[F]or a paper to fall within the removal statutes, it must be unambiguous."); Akin v. Ashland Chemical Co., 156 F.3d 1030, 1036 (10th Cir. 1998) (requiring a "clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' " that the action had become removable). Thus, the key is whether the e-mail *itself* clearly and unequivocally provides the requisite notice of removability. The context surrounding the e-mail, that is, Valspar's subjective knowledge of Ms. Estes' likely settlement, is irrelevant to this determination. Valspar acknowledges the e-mail "confirmed, *impliedly,* the fact that no one has ever disputed -- that . . . [Ms. Estes] had indeed settled . . . ." (Docket 17 at p. 4) (emphasis added). To satisfy the notice requirement of § 1446(b), the e-mail must confirm *unequivocally,* rather than merely impliedly, the settlement of Ms. Estes.

Valspar also argues the magistrate judge "ignore[d] the adversarial realities of the case" by suggesting ways in which Valspar could have obtained more concrete documentation of the settlement agreement between State Farm

and Ms. Estes. (Docket 23 at p. 6). This court disagrees and is mindful of the fact that Valspar, as the removing defendant, bears the burden of proving removal is proper and all prerequisites to federal jurisdiction are satisfied. See In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993) (*per curiam*) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 182 n. 13 (8th Cir. 1978)); McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D. Kan. 1997) ("The removing party has the burden to show that removal was properly accomplished."). Further, "[a]ll doubts [about] whether the statute's requirements have been met are resolved against removal." Roybal v. City of Albuquerque, No. 08-181, 2008 WL 5991063 at *2 (D. N.M. Sept. 24, 2008); see also Harris, 425 F.3d at 698 ("[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts.") (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)); Entrekin v. Fisher Scientific Inc., 146 F. Supp. 2d 594, 604 (D. N.J. 2001) (Courts must "strictly construe the removal statutes against removal and resolve any doubts in favor of remand.").

Upon review of the applicable case law, the court agrees with the magistrate judge that the e-mail is too ambiguous to prove the parties were completely diverse in citizenship at the time of removal. The e-mail cannot satisfy the notice requirement of § 1446(b).

## B. Whether an Oral Communication Satisfies § 1446(b)

In the alternative, Valspar argues the conversation between counsel for Valspar and counsel for State Farm, during which counsel for State Farm

indicated Ms. Estes had settled, satisfies the notice requirement of § 1446(b). (Docket 23 at pp. 6-9). The magistrate judge found § 1446(b) required a written document evidencing the right to remove. (Docket 16 at pp. 16-25; Docket 22 at pp. 11-21). The court reviewed *de novo* the magistrate judge's thorough and well-reasoned analysis on this issue and incorporates it by reference herein. The court also conducted an independent review of inter-circuit case law.

The Court of Appeals for the Eighth Circuit has not provided guidance on this precise issue, and courts in other circuits are divided. Indeed, as discussed below, the second paragraph of § 1446(b) has generated a veritable cornucopia of conflicting decisions and rules. This quagmire is due, in large part, to the fact § 1446(b) does not define "other paper" in its terms or in its legislative history. Broderick v. Dellasandro, 859 F. Supp. 176, 178 (E.D. Pa. 1994); Sunburst Bank v. Summit Acceptance Corp., 878 F. Supp. 77, 81 (S.D. Miss. 1995).

The clear purpose of § 1446(b) is "to commence the running of a new 30-day period once the defendant has received actual notice, through one of the documents described in Section 1446(b), that a previously unremovable case has become removable."[7] 14C Charles A. Wright, Arthur R. Miller, Edward H.

---

[7]Several courts have held that it is only the *plaintiff's* voluntary act that gives rise to "other paper" under § 1446(b). See, e.g., Jones v. Hartford Fire Ins. Co., 347 F. Supp. 2d 328, 331 (S.D. Miss. 2004) (" 'Other paper' is continually defined as 'the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction.' ") (quoting Addo v. Globe Life and Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir.

Cooper, & Joan E. Steinman, <u>Federal Practice and Procedure</u> § 3731 at p. 519

(4th ed. 2009) (footnote omitted). "[F]ederal courts have given the reference to

'other paper' an expansive construction and have included a wide array of

documents within its scope." <u>Id.</u> at p. 524 (footnote omitted); <u>see also</u> <u>Bowyer</u>

<u>v. Countrywide Home Loans Servicing LP</u>, No. 5:09-cv-00402, 2009 WL

_____

2000)); <u>John Hunter, Inc. v. Great Impressions Apparel, Inc.</u>, 313 F. Supp. 2d
644, 646 (N.D. Tex. 2002) (noting a plaintiff's voluntary acts may include
plaintiff's deposition transcripts, written settlement offers, demand letters, and
responses to discovery requests); <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d
489, 493-94 (5th Cir. 1996) (holding defense counsel's subjective knowledge
obtained through a telephone conversation with plaintiff's counsel did not
qualify as an "other paper," even when defense counsel memorialized the
information in an affidavit, because the subjective knowledge of the defendant
could not convert a non-removable action into a removable action and the
affidavit did not represent a voluntary act of the plaintiff); <u>Preaseau v.
Prudential Ins. Co.</u>, 591 F.2d 74, 76-77 (9th Cir. 1979) (holding a cause of
action became removable only when the plaintiff took an affirmative action to
dismiss the claim against non-diverse defendants); <u>see also</u> <u>DeBry</u>, 601 F.2d at
487-88 (discussing the voluntary requirement).

   A minority of courts, however, have interpreted the triggering event
under § 1446(b) to be the state court's ruling on plaintiff's act. <u>See, e.g.,
Graphic Scanning Corp. v. Yampol</u>, 677 F. Supp. 256, 258 (D. Del. 1988)
(holding it was the state court's ruling on plaintiff's motion for realignment, not
the filing of the motion, that triggered the running of the removal clock because
it was only when the state court ruled on the motion that the grounds for
removal actually existed) (relying on <u>Schoonover v. West American Ins. Co.</u>, 665
F. Supp. 511, 514 (S.D. Miss.1987) (time period for removal under § 1446(b)
did not begin until state court granted plaintiff's motion to amend complaint);
<u>Lesher by Lesher v. Andreozzi</u>, 647 F. Supp. 920, 922 (M.D. Pa. 1986)
(appropriate date under § 1446(b) was the date the state court approved a
proposed settlement agreement dismissing nondiverse defendants [because the
settlement required court approval to become legally effective]); and <u>Vidmar
Buick Co. v. General Motors Corp.</u>, 624 F. Supp. 704, 706 (N.D. Ill.1985)
(section 1446(b) contemplates situations in which defendants wait for enabling
state court orders before removing to federal court)).

2599307 at *3 (S.D. W.Va. Aug. 21, 2009 (noting courts take "a rather expansive view of the term 'other paper' " and "nearly any written document generated in the course of litigation and received by the defendant can supply grounds for removal").  Courts differ as to how formal or informal the notice must be in order to satisfy § 1446(b).  Smith v. Bally's Holiday, 843 F. Supp. 1451, 1454 (N.D. Ga. 1994).  For example, courts have held, in cases involving the settlement of non-diverse defendants, "formal dismissal is not a prerequisite for removability" or for adequate notice under § 1446(b).  Hessler v. Armstrong World Industries, Inc., 684 F. Supp. 393, 395 (D. Del. 1988); see also Lesher by Lesher, 647 F. Supp. at 922 (finding a formal order dismissing a non-diverse defendant was not a prerequisite to removal).  Additionally, notice of removability under § 1446(b) may be provided by answers to discovery requests.  Tolley, 591 F. Supp. 2d at 845 (construing "other paper" to include requests for admissions, deposition testimony, answers to interrogatories, settlement offers, briefs, and documents provided in discovery); Roberts v. Anchor Packing Co., No. 2:05-CV-320, 2005 WL 1201212 at *1 (S.D. W.Va. May 19, 2005) (same); JHohman, LLC v. U.S. Sec. Associates, Inc., 513 F. Supp. 2d 913, 916 (E.D. Mich. 2007) (collecting cases); Cabibbo v. Einstein/Noah Bagel Partners, L.P., 181 F. Supp. 2d 428, 431-33 (E.D. Pa. 2002) (collecting cases).

Courts also have allowed less formal writings, such as correspondence between counsel, to qualify as "other paper."  JHohman, 513 F. Supp. 2d at 916 (collecting cases); Sunburst Bank, 878 F. Supp. at 81-82 (holding

§ 1446(b) was not restricted solely to papers formally filed in the case and finding plaintiff's demand letter satisfied the "other paper" requirement); Hessler, 684 F. Supp. at 395 (finding the removal clock began to run when defendants received a letter from plaintiff stating that a settlement had been reached with the non-diverse defendants, not when notice of the settlement was provided to the court or when the non-diverse defendants were formally dismissed); but see Textile Chemical Co. v. Aetna Cas. and Sur. Co., No. Civ.A. 97-2142, 1997 WL 537408 at *2 (E.D. Pa. Aug. 5, 1997) (holding plaintiff's letter did not constitute an "other paper" because that category included only court-filed documents); Bonnell v. Seaboard Air Line R.R., 202 F. Supp. 53, 55 (N.D. Fla. 1962) (stating that "mere correspondence" between counsel did not fall within the definition of "other paper").

"Although the requisite notice of removability may be communicated to defendants in either a formal or informal manner, the communication should be in writing."[8] Wright, Miller, Cooper, & Steinman, *supra*, § 3731 at pp. 552-53. A majority of courts have strictly construed the language of § 1446(b) to require a written document. See, e.g., Quintana v. Werner Enterprises, Inc., No. 09 Civ. 7771(PKC), 2009 WL 3756334 at *1 (S.D. N.Y. Nov. 2, 2009) (noting

---

[8]Most courts have held § 1446(b) does not require formal service of the "other paper" to trigger the removal clock. See, e.g., Broderick, 859 F. Supp. at 178. The statute clearly states notification "may be 'through service *or otherwise.*'" Id. (quoting 28 U.S.C. § 1446(b)) (emphasis in original). "Thus, while Congress insisted that the notice of facts permitting removal must be in an 'amended pleading, motion, order or other paper,' the method of delivery or receipt of the writing was not circumscribed." Id.

an oral assertion was insufficient to trigger the thirty-day removal clock because the plain text of § 1446(b) refers only to a pleading, motion, order or "other paper"); <u>Bowyer</u>, 2009 WL 2599307 at *3 ("The 'receipt' of information in writing, whether formally or informally, from the plaintiff is a necessary event that commences the thirty-day window to remove. The defendant's subjective knowledge of grounds for removal is irrelevant and cannot independently create a right to remove the case.") (internal citation omitted); <u>CMS Security, Inc. v. Burlington Ins. Co.</u>, No. C-09-2217 MMC, 2009 WL 2252106 at *1 (N.D. Cal. July 28, 2009) (finding an oral communication between counsel insufficient to constitute an "other paper"); <u>Weiderspahn</u>, 2009 WL 2070353 at * 3 (noting defendant's knowledge was irrelevant in determining when the removal clock began to run and the Court of Appeals for the Third Circuit had interpreted the "other paper" requirement narrowly to exclude facts a defendant knew from oral communications); <u>Mendoza v. OM Financial Life Ins. Co.</u>, No. C 09-01211 JW, 2009 WL 1813964 at *5 (N.D. Cal. June 25, 2009) (noting oral communications between the parties did not constitute "other paper"); <u>JHohman</u>, 513 F. Supp. 2d at 919 ("This Court agrees with the decisions holding that the statutory requirement of 'receipt' of a 'paper' mandates some sort of written notice that a case has become removable, as opposed to a defendant's mere acquisition of such knowledge through other means."); <u>Brooks v. Boise Cascade L.L.C.</u>, No. 08-CV-200-GFK-SAJ, 2008 WL 2673357 at ** 3-4 (N.D. Okla. June 26, 2008) (finding a phone message from plaintiff's counsel was not an "other paper" given the plain language of § 1446(b) required

a written communication to trigger removal); <u>Garcia v. Shelter Gen. Ins. Co.</u>, No. 07-CV-0156-CVE-SAJ, 2007 WL 1302599 at **1-2 (finding a telephone communication between counsel insufficient to satisfy the notice requirement of § 1446(b) given the plain language of the statute and the presumption against removal); <u>Mariners Hosp. v. Neighborhood Health Partnership, Inc.</u>, No. 03-21543-CIV-LENARD, 03-21543-CV-SIMONTON, 2004 WL 3201003 at *2 (S.D. Fla. March 31, 2004) (holding oral conversations between the parties did not satisfy §1446(b) because the statute allowed only for written notice); <u>Polk v. Sentry Insurance</u>, 129 F. Supp. 2d 975, 979 (S.D. Miss. 2000) ("[T]his court notes that the statute clearly prescribes that the time for removal begins to run when the defendant receives the requisite *written* notice of facts, as opposed to oral and implied notifications, which make the case removable. The actual knowledge of the defendant prior to the receipt of the writing is irrelevant to the determination of when a case became removable under § 1446(b).") (internal citations omitted) (emphasis in original); <u>Broderick</u>, 859 F. Supp. at 178 (finding § 1446(b) clearly required "written notice of facts which make the case removable"); <u>Jong v. Gen. Motors Corp.</u>, 359 F. Supp. 223, 226 (N.D. Cal. 1973) ("[T]he time period to remove an action cannot depend on the defendant's actual knowledge, because the statute expressly allows the defendant to rely on papers presented to it.").

Sound policy considerations justify the majority view that § 1446(b) requires a written document. The writing requirement "reduces disputes over knowledge of diversity or the amount in controversy and helps avoid later

16

battles of credibility between opposing parties and lawyers." Broderick, 859 F. Supp. 176 at 178; accord Thomas v. Ritter, No. 3:98CV530-H, 1999 WL 1940047 at *2 (W.D. N.C. Feb. 11, 1999) (noting, within the context of establishing the amount in controversy, oral communications "would present enormous proof problems, and potentially require an evidentiary hearing on every notice of removal and motion for remand"). Further, requiring written notification avoids time-consuming collateral litigation over the defendant's subjective knowledge–litigation which wastes judicial resources. Molina v. Lexmark, Inc., No. CV 08-04796 MMM (FMx), 2008 WL 4447678 at * 17 (C.D. Cal. Sept. 30, 2008); see also Local Union No. 172 v. P.J. Dick Inc., 253 F. Supp. 2d 1022, 1025 (S.D. Ohio 2003) (advising courts, when determining the appropriateness of removal, to adhere to "clear and intelligible rules" so as to avoid "needless and time-consuming collateral litigation").

A minority of courts have allowed oral statements to satisfy the notice requirement of § 1446(b) when such statements were made during a court proceeding or a deposition.[9]  See, e.g., King v. Kayak Mfg. Corp., 688 F. Supp.

---

[9]Whether the actual giving of plaintiff's deposition testimony or defendant's receipt of the written transcript triggers the removal clock is a matter of debate among courts.  Compare Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078 (10th Cir. 1999) (collecting cases and adopting the view that deposition testimony qualified as an "other paper" because it "stands on equal footing with written forms of discovery" and, as there is no deadline for obtaining a transcript, the date of receipt of a transcript could be subject to manipulation); Poole v. Western Gas Resources, Inc., No. CIV.A. 97-2929, CIV.A. 97-3035, 1997 WL 722958 at *2 (E.D. La. Nov. 18, 1997) (finding plaintiffs' deposition testimony provided sufficient notice under § 1446(b) because there was "no functional difference between a deposition and a transcript of a deposition for purposes of the removal statute"); and Haber v.

227 (N.D. W.Va.1988) (case became removable when the court stated from the bench that non-diverse defendant was no longer a party); <u>Mike Silverman & Associates v. Drai</u>, 659 F. Supp. 741, 745 (C.D. Cal. 1987) (case became removable once the time for service of the John Doe defendants elapsed and defendants learned, in a hearing before the state court, that plaintiff previously dismissed the remaining non-diverse defendant); <u>Heniford v. American Motors Sales Corp.</u>, 471 F. Supp. 328, 334-35 (D. S.C.1979) (case became removable when plaintiff's counsel, in closing argument, admonished the jury not to enter a verdict against the sole remaining non-diverse defendant); <u>First National Bank in Little Rock v. Johnson & Johnson</u>, 455 F. Supp. 361, 362 (E.D. Ark. 1978) (case became removable when the court granted, on the record, plaintiff's oral motion to dismiss the non-diverse defendant); <u>Fuqua v. Gulf, Colorado and Sante Fe Railway Co.</u>, 206 F. Supp. 814, 815-16 (E.D. Okla. 1962) (case became removable when plaintiff revealed during his deposition that the non-diverse defendant was not a proper party); <u>see also</u> footnote 8, *supra*. These decisions rest on the proposition that the purpose of the rule is to trigger the removal clock when the defendant is able to ascertain intelligently the action

---

Chrysler Corp., 958 F. Supp. 321, 327 (E.D. Mich. 1997) (finding plaintiff's deposition testimony constituted an "other paper") <u>with</u> <u>S.W.S. Erectors, Inc.</u>, 72 F.3d at 494 (finding a deposition transcript qualified as "other paper" under § 1446(b)); and <u>Mill-Bern Associates, Inc. v. Dallas Semiconductor Corp.</u>, 69 F. Supp. 2d 240, 241-44 (D. Mass. 1999) (considering the canons of statutory interpretation and finding *neither* the oral deposition nor the deposition transcript constituted an "other paper"). Alternatively, when determining if deposition testimony is an "other paper," some courts focus on whether the deposition is a truly voluntary act of the plaintiff. <u>Rivers v. Int'l Matex Tank Terminal</u>, 864 F. Supp. 556, 559 (E.D. La. 1994) (collecting cases).

has become removable. <u>See</u> <u>Mike Silverman</u>, 659 F. Supp. at 746 n. 9 (relying on <u>First National Bank</u>, 455 F. Supp. at 362 n. 1, and <u>Heniford</u>, 471 F. Supp. at 335).

The court considers this minority of cases to be limited to their unique circumstances. The cases "have one key distinguishing feature in common: the oral notices were given in court proceedings and/or in the presence of the presiding judge, thereby removing any proof problems regarding who said what at what time." <u>Thomas</u>, 1999 WL 1940047 at *2 n. 2. It is highly likely the oral statements, made in court or during a deposition, were reduced to writing simultaneously by a court reporter, who is a neutral recorder of the statements. <u>Smith</u>, 843 F. Supp. at 1454 (finding an oral communication between counsel, "not reduced to writing (or not capable of immediate reduction to writing)" did not satisfy the notice requirement of § 1446(b)). The transcript would be "available for examination without necessitating any complex and potentially troublesome dispute over what was actually said." <u>Entrekin</u>, 146 F. Supp. 2d at 614; <u>see also</u> <u>Smith</u>, 843 F. Supp. at 1455 ("There is little danger that oral statements in open court or in a deposition will be mistranscribed, and any mistake therein is likely to be immediately addressed."). "Even if the statement is not transcribed, the formal setting of the statement, including the possible presence of a judge, certainly ameliorates further conflicts over the content of the statement." <u>Entrekin</u>, 146 F. Supp. 2d at 614. Further, the oral statements were made under oath in a formal, legal setting, which seemed to have been of significance to some courts when deciding whether the statements satisfied § 1446(b). <u>See, e.g.</u>, <u>Fuqua</u>, 206 F.

Supp. at 816 (finding plaintiff's deposition testimony was an "other paper" because it was taken pursuant to the laws of the state).

To the extent these cases hold § 1446(b) simply does not require written notice,[10] the court respectfully disagrees.  Upon careful review of the extensive and often contradictory body of research on this issue, the court finds the plain language of the statute clearly requires some written document by the plaintiff evidencing the dismissal of the non-diverse defendant.  Although the Eighth Circuit has not provided guidance on this precise issue, the court finds instructive the analysis in Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965 (8th Cir. 2007).  In Dahl, defendant attempted to remove the action to federal court based on diversity jurisdiction.  Id. at 966.  Plaintiffs filed a motion to remand, which the district court granted.  Id.  In state court, defendant moved to dismiss the case, arguing the claims were preempted by federal law.  Id.  The state court granted defendant's motion to dismiss, and plaintiff appealed. While the appeal was pending, the Eighth Circuit decided a factually-similar case, in which it held the case could be removed on the basis of federal officer jurisdiction.  Id. at 967.

---

[10]See, e.g., Hunstman Chemical Corp. v. Whitehorse Technologies, Inc., No. 97 C 3842, 1997 WL 548043 at *6 (N.D. Ill. Sept. 2, 1997) ("The section 1446(b) triggering event is the acquisition of information by the defendant that allows it to determine whether the case is removable.  How that information is acquired is immaterial."); Heniford, 471 F. Supp. at 335-36 (determining the writing requirement was a technicality that could not defeat removal if defendant had actual notice of the dismissal of the non-diverse defendant); Kayak, 688 F. Supp. at 230 ("Authority exists to support the Court's conclusion that a written order is not necessarily a paramount consideration in determining whether a case is ripe for removal.").

Based on this decision in the other case, defendant again attempted to remove to federal court, asserting federal officer jurisdiction. Id. Plaintiffs moved to remand, arguing in relevant part the notice of removal was not timely under § 1446(b). Id. Plaintiff argued the Eighth Circuit decision that triggered defendant's removal did not qualify as an "other paper" under § 1446(b). Id.

The Eighth Circuit noted that "[f]ederal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are *strictly* to construe legislation permitting removal." Id. at 968 (emphasis added). The Eighth Circuit further noted, when interpreting the terms of any statute, including the removal statute, courts should begin with its plain language. Id. at 969. The Eighth Circuit's analysis of § 1446(b) is helpful:

> All of the document types listed in § 1446(b) are commonly produced in the course of litigating an individual case of any complexity, and each might introduce a new element into the case which could affect jurisdiction. For example, federal jurisdiction could be created by an amended pleading adding a federal cause of action or an order dismissing a non diverse party. The types of documents mentioned in § 1446(b) are listed in a logical sequence in the development of an individual case. In light of this context, in which the words "order or other paper" follow immediately after amended pleading and motion, it would be an unsupported stretch to interpret "order" to include a decision in a separate case with different parties.
>
> If Congress had intended new developments in the law to trigger the recommencement of the thirty day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within a case. Our interpretation of § 1446(b) is consistent with the canon of statutory interpretation that when "several items in a list share an attribute," courts are to construe "the other items as possessing that attribute as well."

> Moreover, courts have interpreted the "other paper" term in § 1446(b) to apply to *papers and documents* involved in the case being removed.

Id. (internal citations omitted) (emphasis added). The Eighth Circuit concluded an order from an unrelated case with different parties did not qualify as an "other paper." Id. at 970; see also Sunburst Bank, 878 F. Supp. 77 at 80 (listing cases construing "other paper" to refer only to papers generated within the course of litigation).

Given the emphasis in Dahl on the canons of statutory construction, the court believes the Eighth Circuit would favor the view that § 1446(b) requires written notice of removability. The court also is concerned with the thorny implications of allowing oral communications to satisfy the statute–such a policy would set the stage and establish precedence for future battles over the contents of a verbal conversation. To avoid this slippery slope, requiring written notice of removability is a better approach and will prevent wasteful collateral litigation that drains judicial resources and unnecessarily protracts a case.

The court addresses one final argument submitted by Valspar. Valspar argues, because the parties do not dispute State Farm resolved its claims against Ms. Estes on June 9, 2009, "[t]he 'other paper' requirement here is irrelevant and should not bar removal." (Docket 23 at p. 8). Valspar relies primarily on those minority of cases, cited above, that allow oral communications to satisfy the notice requirement of § 1446(b). (Dockets 17 & 23). The court declines to extend the limited holdings in those cases to the case at bar for to do so would undermine sound judicial policy. The court

disagrees with the position that the "other paper" requirement is incidental. The court acknowledges the time limits prescribed by § 1446(b) are procedural, rather than jurisdictional. <u>Williams v. Safeco Ins. Co. of America</u>, 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999). However, those limits "are mandatory, and are to be construed against conferring federal jurisdiction." <u>Smith</u>, 843 F. Supp. at 1456 n. 6. Further, "[a]ny technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal." <u>Williams</u>, 74 F. Supp. 2d at 928; <u>see also</u> <u>Link Telecomms., Inc. v. Sapperstein</u>, 119 F. Supp. 2d 536, 542 (D. Md. 2000) ("Untimely removal constitutes a defect in removal procedure. A defect in removal procedure renders a case improperly removed.") (internal citation omitted). Indeed, the removal statutes contemplate remands based on procedural defects. <u>See</u> 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

The court agrees with the magistrate judge that remand is appropriate in this case. Upon *de novo* review, the court adopts in full the magistrate judge's second report and recommendation (Docket 20), as supplemented by the above discussion.

## CONCLUSION

In accord with the above discussion, it is hereby

ORDERED that plaintiff's motion to remand (Docket 9) is granted in part and denied in part. The action is remanded to the Seventh Judicial Circuit

Court, Pennington County, South Dakota. The court denies State Farm's motion for costs and expenses incurred in filing its motion to remand as Valspsar's position was reasonable given the split in authority discussed above.

IT IS FURTHER ORDERED that the magistrate judge's reports and recommendations (Dockets 16 & 22) are adopted in full as supplemented by the analysis in this order.

IT IS FURTHER ORDERED that Valspar's objections (Dockets 17 & 23) to the reports and recommendations are denied.

Dated September 24, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE